ALEXANDER TUFFI *v.* ANJELO RALLI and GUEGLIO RALLI.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed November 29, 1901.

*False imprisonment—Jurisdiction of city court of Burlington.*

Section 260 of the charter of the city of Burlington is not limited by section 232 of the same, and the city court has jurisdiction of an action for false imprisonment.

TRESPASS AND CASE in the city court of Burlington. Two of the counts in the declaration were for false imprisonment. Plea, to the jurisdiction of these counts. Judgment sustaining the jurisdiction of the city court. The defendants excepted.

The *ad damnum* in the writ was fifty dollars.

*H. S. Peck* and *S. M. Flint* for the defendants.

A justice of the peace has no jurisdiction of an action for false imprisonment, therefore the city court has none. The jurisdiction given the city court by section 260 of the charter is limited by section 232 of the same.

*Cushman & Sherman* for the plaintiff.

Section 260 expressly confers upon the city court jurisdiction of all actions of a civil nature up to the limit of five hundred dollars. This section is not limited by section 232. *Stevens* v. *Coburn,* 71 Vt. 261.

The jurisdiction of the city court is not determined by that of a justice of the peace. *Kelley* v. *Moretown,* 71 Vt. 340.

START, J. The only question presented for consideration is whether the city court for the city of Burlington has jurisdiction to try and determine actions for false imprisonment. The defendants contend that justices of the peace have no jurisdiction of such actions, and that, in this respect, the jurisdiction of the city court is controlled by the statute relating to the jurisdiction of justices of the peace. The city charter (Acts 1896, No. 148, §232) gives the city court the powers that are by law conferred upon justices of the peace; but this provision does not restrict the powers given in common-law actions to the city court by section 260 of the charter, which provides that the city court shall have jurisdiction, within certain geographical limits, of all actions of a civil nature, including replevin and trespass on the freehold, where the debt, dam-

age, or value of the goods and chattels replevied or other matter in demand, does not exceed $500. The action being a civil, common-law action, it is within the provisions of this section, and the city court has jurisdiction.

*Judgment affirmed, and cause remanded.*